### C. C. RAMSEY v. A. L. PATTERSON.

No. 2245.    Decided November 13, 1912.

**School Land—Occupancy—Abandonment—Forfeiture.**

The necessary and temporary absence from the land permitted by article 4218 1, Revised Statutes, to a purchaser of school land as an actual settler, must be for the purpose of earning money to pay for the land or of schooling his children. An absence of the purchaser at school for the purpose of qualifying himself, as a veterinary surgeon, to fill an existing contract to serve another in such capacity, as a means of earning money to pay for the land, was not permitted by the law, and constituted ground for forfeiture.

Error to the Court of Civil Appeals, Fourth District, in an appeal from Webb County.

Patterson sued Ramsey for injunction and the recovery of land and had judgment. Defendant appealed and on affirmance obtained writ of error.

*Hicks & Hicks, W. H. Newton,* and *B. W. Teagarden,* for plaintiff in error.—Where a settler on school land absents himself from said land for the purpose of attending school, said absence cannot be said to be for the purpose of earning money with which to pay for the land, and will work a forfeiture for non-occupancy. Article 4218 L.,

Revised Statutes; Acts 1901, Section 3, p. 294; Andrus v. Davis, 99 Texas, 303,. and cases cited; Slaughter v. Terrell, 100 Texas, 600.

*Ogden, Brooks & Napier,* for defendant in error.—In the case of Bustin v. Robison, 102 Texas, 526, the Supreme Court recognized the right of the purchaser to be absent from the land for other than the purposes named in the statute, when the absence is satisfactorily explained. We think that the absence of the appellee in this case is satisfactorily explained. He made a settlement and performed all the duties required of him within the time specified after receiving notice of the award, and then went to College Station under an agreement with his employers, and completed his course in veterinary. The facts, in our opinion, are the same as though the employers of appellee had sent him to College Station to there perform certain duties for them. He went at their request and at their expense, and for having gone, received on his return, an increase of salary from $25.00 per month to $60.00 per month.

Mr. Chief Justice Brown delivered the opinion of the court.

Patterson sued Ramsey in trespass to try title to recover four certain sections of school land, hereinafter described, situated in Webb County. The case is before us upon an agreed statement, which we copy from the opinion of the Court of Civil Appeals, as follows:

" 'On the 1st day of September, 1905, the following designated school land in Webb County, Texas, was regularly on the market for sale to actual settlers under the law then in force relating to the sale of surveyed public school lands, to-wit:

| Section. | Certificate. | Grantee | Acres. | Price. | County |
|---|---|---|---|---|---|
| 996 | 283 | Brooks & Burleson.... | 640 | $2.50 | Webb |
| 998 | 175 | T. T. Ry. Co.......... | 640 | 2.00 | Webb |
| 1472 | 2885 | G. C. & S. F. Ry. Co... | 640 | 2.25 | Webb |
| 1726 | 1508 | G. L. & R. B. Ry. Co... | 640 | 2.00 | Webb |

" 'Second.

" 'On the second day of September, 1905, the plaintiff, Andrew L. Patterson, then living and being in Webb County, Texas, made his application to the Land Commissioner for the purchase of said lands and designated in said application said Section 996 as the home section.

' 'Third.

" 'On the 21st day of October, 1905, all of said land was awarded upon said application to the plaintiff, Andrew L. Patterson, by the Commissioner of the General Land Office.

" 'Fourth.

" 'Plaintiff, Andrew L. Patterson, paid in to the proper State authorities at the time of his application, out of his own money, one-fortieth of the purchase money for said land, and executed his obli-

gation for the balance in accordance with law, and has paid promptly at maturity the interest on the unpaid purchase money for each year thereafter as it became due; said payments having been made of the money earned by plaintiff as veterinary in charge of the horse stock of his employers, as stated in the Tenth Paragraph of this statement, after his return from college.

" 'Fifth.

" 'On the 21st day of October, 1905, being the date of the award of the land to the plaintiff, he was in person at the Agricultural and Mechanical College of Texas, at College Station, Texas, where he was taking a course in veterinary surgery, having arrived at said college on October 4th, 1905.

" 'Sixth.

" 'On the 23rd day of December, 1905, the plaintiff, Andrew L. Patterson, returned from College Station to Webb County, Texas, and made his settlement, as required by law, upon said Section 996, and remained on the land for ten days; and on January 23rd, 1906, returned to College Station and continued his course of study in veterinary surgery.

" 'Seventh.

" 'On January 6th, 1906, the plaintiff being at College Station, he forwarded to the Commissioner of the General Land Office his affidavit of settlement on the land, as required by law.

" 'Eighth.

" 'On January 23rd, 1906, the Commissioner of the General Land Office wrote to the plaintiff, Andrew L. Patterson, at College Station, a letter acknowledging the receipt of the affidavit of settlement and of plaintiff's letter advising the Commissioner that plaintiff was attending college at that time at the Agricultural and Mechanical College.

" 'Ninth.

" 'The plaintiff remained at College Station pursuing his course in veterinary surgery from the 3rd day of January, 1906, until the 16th day of March, 1906, when he returned to Webb County and has resided on the land ever since; and has made the improvements required by law, and while he was at the A. & M. College it was his intention all the time to return to Webb County and reside on said land.

" 'Tenth.

" 'When the plaintiff returned to the land on the 16th day of March, 1906, as above stated, he went to work hauling posts and blocks and built a house upon the land and stayed there and did his work, and after he got the house up began active practice as a veterinary in charge of his employer's horse stock, and has been in that service ever since. and is now receiving $60.00 per month salary for said service.

" 'Eleventh.

" 'While the plaintiff was absent from the land attending the Agricultural and Mechanical College, he was doing so under an agreement with his employers, Joseph F. Green & Co., stock raisers and ranchmen, that after he finished his course in veterinary surgery at said institution they would employ him as a veterinary surgeon to look after their horse stock. The plaintiff was, and had been for many years previous to his application for the land, employed by Joseph F. Green & Co., on their Dimmit County ranch as a common hand, and he was receiving about $25.00 per month wages. A short time before plaintiff began taking his veterinary course at the A. & M. College his employers had decided to embark largely in the raising of horses and mules, and wanted some one skilled in veterinary science to look after their horse stock, and it was arranged with plaintiff to take a veterinary course so that he would be qualified to take the position, and his employers paid his expenses while he was at the A. & M. College.

" 'Twelfth.

" 'On the 31st day of October, 1908, the Commissioner of the General Land Office forfeited said land and cancelled said award to the plaintiff, on the ground of non-occupancy and abandonment, and in the manner required by law placed the same again upon the market, and the plaintiff received on said day from the Commissioner of the General Land Office a letter notifying him of such forfeiture.

" 'Thirteenth.

" 'On the 1st day of February, 1909, plaintiff forwarded to the Commissioner of the General Land Office his proof of three years' occupancy and improvements; and on the 17th day of February, 1909, the Commissioner of the General Land Office acknowledged receipt of such proofs.

" 'Fourteenth.

" 'The Commissioner of the General Land Office, after cancelling the award to the plaintiff on October 31st, 1909, immediately placed said land again upon the market, as required by law, and listed it with the County Clerk of Webb County, for sale to actual settlers.

" 'Fifteenth.

" 'On November 4th, 1908, the defendant, C. C. Ramsey, filed in due form of law his application in the General Land Office to purchase all of said land, and deposited with the proper officer of the State the first payment on the land, and executed his obligations for the deferred payments, as provided by law, and in his application designated Section 996 as the home section.

" 'Sixteenth.

" 'On November 14th, 1908, the Commissioner of the General Land Office awarded said land to the defendant, C. C. Ramsey, and said

award was made to defendant before plaintiff had any notice or any opportunity to bid on said land.

### " 'Seventeenth.

" 'On January 10th, 1909, defendant moved on the land, and on January 17th, 1909, he filed with the Land Commissioner, as required by law, his affidavit of settlement and began to fence the land, when he was forcibly prevented from doing so by an injunction issued out of the District Court of Webb County, Texas, at the instance of Andrew L. Patterson, plaintiff, in a suit of trespass to try title and for injunction.

### " 'Eighteenth.

" 'Since said injunction was issued, defendant, C. C. Ramsey, in obedience thereto, has refrained from attempting to fence the land, but has remained on the land and has asserted his claim to it under his said purchase from the State and settlement as aforesaid, and is still asserting said claim, and has paid the State the interest due on his obligations as they became due.

### " 'Nineteenth.

" 'The plaintiff claims that he was the purchaser of and an actual settler upon said land in accordance with law and that he never abandoned the same, and that while he was absent from the land attending A. & M. College, he was absent for the purpose of earning and enabling him to earn money with which to buy said land, and intending to return and reside on said land, and that the act of the Land Commissioner in cancelling his claim for abandonment and non-occupancy and awarding the land to the defendant was unlawful and void, and that he still is the owner of said land.

### " 'Twentieth.

" 'The defendant claims that the act of said Commissioner, in cancelling plaintiff's claim to the land for abandonment and non-occupancy, was proper and lawful and that the award being cancelled and the land placed again upon the market, and having, upon his application, been awarded to him, that he is now the owner of the land in controversy.' "

The only question in the case is, did Patterson's absence at the A. & M. College for about seventy-two days cause a forfeiture of his purchase by an abandonment of the possession of the land. To avoid that, Patterson relies upon the following proviso in Article 4218-1 of the Revised Statutes:

" * * * Provided, that all necessary and temporary absence from such land of such purchaser, for the time of not more than six months in any one year, for the purpose of earning money with which to pay for the land, or for the purpose of schooling his children, shall not work a forfeiture of his title."

Patterson relies upon his contract with Joseph F. Green & Co., to

attend the A. & M. College for the purpose of qualifying himself as a veterinary surgeon, after which he would be employed by them at a salary of Sixty Dollars per month, and with which money he purposed to pay for the land.

The plain import of the proviso is that such purchaser might be absent six months while earning money to pay for the land. The money must have been earned during his absence. The facts do not bring this case within the proviso.

Hardships of the law cannot be relieved by the courts. It is too clear that Patterson's purchase was forfeited to permit of discussion.

It is therefore ordered that the judgments of the District Court and of the Court of Civil Appeals be reversed and that judgment be here entered that C. C. Ramsey recover of and from defendant in error, Andrew L. Patterson, the possession and title to the four sections of land in controversy, with all costs in this behalf expended.

*Reversed and rendered.*